Case No. 5:17-cv-01051-JLS-FFM                                    Date: August 2, 2017
Title: Adams One Eleven, LLC v. Kohl's Department Stores, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerreo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 17)**

Before the Court is Adams One Eleven, LLC's Motion to Remand. (Mot, Doc. 17.) Defendant Kohl's Department Stores, Inc. filed an Opposition (Opp'n, Doc. 23), and Adams submitted a Reply (Reply, Doc. 24). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for August 4, 2017 at 2:30 p.m. is VACATED. For the following reasons, the Court DENIES Adams's Motion.

This case involves a dispute about parking spaces within a commercial development in La Quinta, California. (Compl. ¶¶ 3–4, 7, Doc. 1-1.) In 1999, Adams entered into certain covenants with Kohl's predecessor-in-interest, Wal-Mart, regarding land use in the development. (*Id.* ¶ 7.) Between 1998 and 2014, two parcels within the development were occupied by four modular storage units. (*Id.* ¶ 13.) After their removal, Adams submitted a notice to Kohl's, indicating that it intended to develop the parcels. (*Id.* ¶ 15.) Kohl's opposes Adams's plan to develop the parcels, and the parties dispute whether the covenants prohibit the development, whether Kohl's has unreasonably withheld consent for the plan, whether Kohl's has also breached the covenants, and whether Kohl's would sustain any damages from Adams's violation of the covenants. (*Id.* ¶ 17–28.) Based on these facts, Adams filed this suit in Riverside Superior Court requesting declaratory and injunctive relief. (*Id.* ¶ 10–32.) In its claim for injunctive relief, Adams seeks to "enjoin Defendant Kohl's from interfering with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   5:17-cv-01051-JLS-FFM                                         Date: August 2, 2017
Title:  Adams One Eleven, LLC v. Kohl's Department Stores, Inc.

proposed development and use of the Adams Parcels and use of the Adams Parking Spaces." (*Id.* ¶ 2a.)

Both parties incorrectly assume that Plaintiff's Motion to Remand should be analyzed under the *Brillhart* factors. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). *Brillhart* would be relevant if Plaintiff sought only declaratory relief. Here, however, Plaintiff also seeks injunctive relief—which is basically derivative of a breach-of-contract cause of action. (Compl. ¶¶ 30–32.) The injunctive relief claim would remain viable even if Plaintiff's request for declaratory relief were dropped from the suit. Hence, even if the Court were to look to an abstention doctrine to determine whether to exercise jurisdiction, *Colorado River*'s "exceptional circumstances" test would apply. *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158–59 (9th Cir. 2012) (where plaintiff brings any request for relief independent of declaratory relief—*i.e.*, one that "would continue to exist if the request for a declaration simply dropped from the case"—the *Colorado River* test applies). The Ninth Circuit has held that a request for injunctive relief is not a dependent request even if there are "overlapping facts" and a court could not resolve the demand for injunctive relief "without disposing of the legal issues raised in the" request for a declaratory judgment. *Id.*; *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112–13 (9th Cir. 2001); *see Vasquez v. Rackauckas*, 734 F.3d 1025, 1040 (9th Cir. 2013) (noting, in holding that a request for injunctive relief was independent, that the Circuit held in *Scotts* that "a claim for specific performance of a contract—which is, essentially, an injunction—was 'independent' of a claim for declaratory relief"). That Plaintiff's two claims pose overlapping factual and legal questions, therefore, makes no difference. *See Scotts Co. LLC*, 688 F.3d at 1158–59; *United Nat. Ins. Co.*, 242 F.3d at 1112–13.

Plaintiff does not even purport to identifying any "exceptional circumstances" that would warrant declining to exercise jurisdiction. *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, No. 15-16011, 2017 WL 2855082, at *3 (9th Cir. July 5, 2017) (listing the *Colorado River* factors). "Nothing about this case is 'exceptional' so as to warrant disregarding the 'virtually unflagging obligation' of a federal court to exercise its jurisdiction." *Id.* at *7. Accordingly, Adams's Motion to Remand is DENIED.